917 F.2d 1302
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allen R. HARRIS, Jr., Defendant-Appellant.
 No. 90-5015.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 1, 1990.
Decided Nov. 8, 1990.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CR-89-178)
 Christopher P. Riley, Riley & Riley, L.C., Wheeling, W.V., for appellant.
 Lisa Ann Grimes, Assistant United States Attorney, Wheeling, W.V. (Argued), for appellee; Wiliam A. Kolibash, United States Attorney, Wheeling, W.V., on brief.
 N.D.W.Va.
 AFFIRMED.
 Before SPROUSE, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 On November 7, 1989, Allen Harris, Jr. pled guilty to one count of misapplying the funds of a government guaranteed student loan in violation of 20 U.S.C. Sec. 1097(a). Under his plea bargain, a count of mail fraud (18 U.S.C. Sec. 1341) was dismissed. On December 12, 1989, prior to sentencing, appellant filed an application for authority to retain a medical expert under 18 U.S.C. Sec. 3006A(e)(1), and this request was denied. Harris appeals, claiming error by the district judge in denying his request. He also asserts that he was denied due process, equal protection and his right to effective assistance of counsel because he had established his need for the services of a medical expert to resolve the substantial question at sentencing, which was the condition of his health and the claim that he should not be sentenced to any term of confinement.
 
 
 2
 We find no merit to appellant's claim. Under 18 U.S.C. Sec. 3006A(e)(1), the appellant must show that he is financially unable to obtain the services of an expert and that such services are necessary. This language has been interpreted in United States v. Spotted War Bonnet, 882 F.2d 1360 (8th Cir.1989), to require the showing to a reasonable probability that the expert would aid in the defense and that the denial of the expert assistance would result in an unfair trial. Applying this rationale to the sentencing process, the appellant must show that his sentencing was unfair without the assistance of a medical expert. He has failed to carry his burden. There is no dispute that appellant suffers from a heart condition known as "idiopathic cardiomyopathy." However, the district judge was well aware of this condition and had the benefit of medical records concerning appellant's condition. At sentencing the court found that the Veterans Administration had been very good in looking after the appellant. In considering its sentence the court took notice of this medical condition and directed the Bureau of Prisons to obtain copies of Harris' medical records from the Veterans Administration and further directed that Harris be placed in a facility where his condition could be monitored closely and carefully.
 
 
 3
 We find no error, and we affirm.
 
 
 4
 AFFIRMED.